IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.	                                                         No. 13-cv-0287 WJ/SMV
                                                                        03-cr-0568 WJ

GABRIEL DAVID GOMEZ,

    Defendant/Petitioner.

## MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before me on Defendant/Petitioner Gabriel David Gomez's ("Petitioner") Motion under 28 U.S.C. § 2255 . . . [CV Docs. 1, 2, 8[1]; CR Docs. 653, 654, 660],[2] filed on March 25, 2013, and Plaintiff/Respondent's ("the Government") Motion to Dismiss . . . [CV Doc. 16; CR Doc. 667], filed on July 22, 2013. The Government moves to dismiss Petitioner's § 2255 Motion as untimely. Petitioner has not filed a response that complies with the local rules.[3] The Honorable William P. Johnson, United States District Judge, referred this

---

[1] Petitioner's operative § 2255 Motion consists of his motion to vacate under 28 U.S.C. § 2255 [CV Doc. 1; CR Doc. 653], a simultaneously-filed 304-page memorandum in support [CV Doc. 2; CR Doc. 654] consisting of 113 pages of briefing and 191 pages of exhibits, and his Motion to Correct [CV Doc. 8; CR Doc. 660], filed on April 15, 2013. [CV Doc. 29; CR Doc. 678].

[2] References that begin with "CV" are to case number 13-cv-0287 WJ/SMV. References that begin with "CR" are to the underlying criminal case, 03-cr-0568 WJ.

[3] Petitioner submitted a 371-page response [CV Doc. 23; CR Doc. 674] on November 12, 2013. After being assigned to the case on February 21, 2014, [CV Doc. 27], I struck the response for failure to comply with the page limits in the local rules, [CV Doc. 29; CR Doc. 678]. Petitioner objected. [CV Doc. 34; CR Doc. 683]. On January 28, 2015, Judge Johnson overruled his objections and granted Petitioner 30 days to file an amended response in compliance with the local rules. [CV Doc. 45; CR Doc. 693]. Petitioner appealed to the Tenth Circuit. The Tenth Circuit dismissed Petitioner's appeal on February 24, 2015, [CV Doc. 51; CR Doc. 699], and subsequently denied his petition for mandamus on March 18, 2015, [CV Doc. 53; CR Doc. 701]. On March 26, 2015, Judge Johnson sua sponte allowed Petitioner 30 days to file an amended response in compliance with the local rules, as Petitioner's previous deadline had lapsed while the matter was on appeal. [CV Doc. 54; CR Doc. 702].

matter to me for proposed findings and a recommended disposition. [CV Doc. 28]. Having reviewed the parties' submissions, the relevant law, the records in this case and Petitioner's underlying criminal case, and being otherwise fully advised in the premises, I find that Petitioner's § 2255 Motion is time-barred, and I recommend that the Government's Motion to Dismiss [CV Doc. 16; CR Doc. 667] be GRANTED, that Petitioner's § 2255 Motion [CV Docs. 1, 2, 8; CR Docs. 653, 654, 660] be DENIED, and that Case No. 13-cv-0287 WJ/SMV be DISMISSED with prejudice.[4]

## Background

On March 25, 2003, Petitioner and five others were named in a 68-count indictment charging them with money laundering and marijuana distribution. [CR Doc. 1]. A superseding indictment was issued on June 25, 2003. [CR Doc. 86]. The superseding indictment charged Petitioner with one count of conspiracy to distribute more than 1,000 kilograms of marijuana (Count 1), in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A); fifty-three counts of money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i) (Counts 2–29) and 18 U.S.C. § 1957 (Counts 30–54), and aiding and abetting of the same for each count, in violation of 18 U.S.C. § 2; and one count of criminal forfeiture, pursuant to 21 U.S.C. § 853 (Count 68).

On January 29, 2004, Petitioner pleaded guilty before Judge Johnson to one count of conspiracy to distribute more than 1,000 kilograms of marijuana and 53 counts of money

---

Petitioner never filed an amended response in compliance with the local rules. Instead, he filed a "notice" that he would like the Tenth Circuit to stay the case and to disqualify all of the judges in the District of New Mexico. [CV Doc. 57]. I find that his "notice" does not stay the case. Though Petitioner has filed no response in compliance with the local rules, he has argued the timeliness of his § 2255 Motion at length: his § 2255 Motion includes almost 50 pages of arguments, plus numerous exhibits, in support of the motion's timeliness.

[4] The issue before me is the timeliness of Petitioner's § 2255 Motion. Because this issue can be resolved on the record, I find that an evidentiary hearing is unnecessary. *See Anderson v. Attorney Gen. of Kan.*, 425 F.3d 853, 858−59 (10th Cir. 2005) (where a petition can be resolved on the record, an evidentiary hearing is unnecessary).

laundering. Clerk's Minutes [CR Doc. 343]; Judgment [CR Doc. 500]. Petitioner had not entered into a written plea agreement with the Government prior to his entry of a guilty plea. [CV Doc. 16] at 2.

Judge Johnson held a sentencing hearing on May 19, 2005. Clerk's Minutes [CR Doc. 497]. Under the Federal Sentencing Guidelines, Petitioner's offense level corresponded to life in prison. *United States v. Gomez*, 208 F. App'x 643, 645 (10th Cir. 2006). Judge Johnson varied downward based on the factors found in 18 U.S.C. § 3553(a) and imposed a sentence of 360 months' (30 years') imprisonment. *Id.*

Petitioner appealed to the Tenth Circuit, alleging various errors during sentencing. *Id.* at 644–45. The Tenth Circuit affirmed the judgment and sentence on December 12, 2006. *See id.* at 646. Petitioner did not file a petition for writ of certiorari to the Supreme Court.

In March, 2007, Petitioner hired attorney Jason Bowles to assist with "a possible cooperation agreement with the government."[5] [CV Doc. 2] at 5. Petitioner hoped that Mr. Bowles would help him obtain a reduced sentence through a motion under Federal Rule of Criminal Procedure 35(b). Petitioner's Affidavit [CV Doc. 2-6] at 8. Petitioner alleges that Mr. Bowles and his associate, B.J. Crow, delayed submitting his proffer materials. *Id.* at 14; [CV Doc. 2] at 14. Petitioner claims that Mr. Bowles submitted a proffer letter to the U.S. Attorney's Office on his behalf in October, 2007. [CV Doc. 1] at 12. However, Petitioner claims that the proffer letter was "defective" for reasons he does not explain. *Id.* Petitioner alleges that he submitted information to Mr. Bowles and Mr. Crow "[b]etween April and May of 2008" to support a second attempt to proffer. *Id.* It is unclear what came of Petitioner's second

---

[5] Prior to this point, Petitioner had been represented by other counsel. Court-appointed counsel Michael V. Davis served as his attorney from March through July, 2003. [CR Doc. 39]. Petitioner replaced Mr. Davis with retained counsel Robert J. Gorence on July 31, 2003. [CR Doc. 144]; *see* Unopposed Motion to Withdraw [CR Doc. 145].

proffer attempt. However, no motion under Rule 35(b) was ever filed in this Court, and Petitioner does not allege otherwise.

On August 22, 2008, Petitioner notified Mr. Bowles via letter that he wished to terminate Mr. Bowles's representation. [CV Doc. 2-3] at 1, 2. Mr. Bowles wrote back on September 2, 2008, stating that his firm would formally withdraw from any further representation. *Id.* at 2.

Petitioner then began a misguided attempt to secure a reduced sentence himself by complaining to the U.S. Attorney's Office. In January of 2009, Petitioner submitted a cover letter and 132-page narrative (collectively, "ethics letter") to the U.S. Attorney's Office. [CV Doc. 2] at 6; [CV Doc. 16] at 4; *see* [CV Doc. 2-6] at 23. In the years that followed, Petitioner made numerous attempts to follow-up on the ethics letter. [CV Doc. 2] at 13–23. On multiple occasions, Petitioner received notice that his ethics letter would neither result in a reduced sentence nor stand in the way of a motion under § 2255. [CV Doc. 16-1] at 2, 3; [CV Doc. 2-3] at 8 (email from Petitioner to his grandmother dated June 29, 2010); *see* [CV Doc. 2] at 19–20. Regardless, he continued his futile efforts to seek recourse via the ethics letter. Finally, in June of 2012, after numerous attempts and years of receiving no response, he abandoned his attempts to follow-up on the ethics letter. [CV Doc. 2] at 23; *see* [CV Doc. 2-4] at 19–22 (letter to Ann Scheel, Acting U.S. Attorney for the District of Arizona, dated June 4, 2012).

Petitioner, proceeding pro se, filed his § 2255 Motion [CV Doc. 1] and memorandum in support [CV Doc. 2] on May 25, 2013.[6] Petitioner asserts ten grounds for relief, including ineffective assistance of counsel (Ground 1), pleading guilty as a result of "duress and coercion"

---

[6] Petitioner's case has been filed under seal at his request. March 25, 2015 Letter [CV Doc. 3] ("Enclosed for filing under seal, please find the original of my motion made pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct my sentence. The reason for this request is that the issues presented contain very sensitive information."). Petitioner has not asked this Court to unseal his case.

(Ground 9), a void indictment (Ground 5), and various grounds based on the Court's alleged errors during sentencing.[7]  [CV Doc. 2] at 47 (providing a complete list of Petitioner's grounds for relief).

The Government now moves to dismiss Petitioner's § 2255 Motion as untimely.[8] [CV Doc. 16].

### Statute of Limitations for 28 U.S.C. § 2255 Habeas Petitions

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for bringing habeas petitions pursuant to 28 U.S.C. § 2255. 28 U.S.C. § 2255(f); *see United States v. Hurst*, 322 F.3d 1256, 1259 (10th Cir. 2003).  That time period begins to run from the date on which the judgment of conviction became final. § 2255(f)(1).  Alternatively, the time begins to run from the date on which a government-created

---

[7] Petitioner's ten grounds for relief are as follows:

> Ground 1: Movant received ineffective assistance of counsel.
> Ground 2: The Court improperly calculated the amount of marijuana attributed to movant which substantially affected his sentence and money judgment.
> Ground 3: The Court failed to consider a downward variance for age disparity and Movant's culpability in the offense under 18 U.S.C. § 3553(a) factors.
> Ground 4: Movant was improperly enhanced four levels pursuant to U.S.S.G. § 3B1.1(a) for his role in the offense.
> Ground 5: The indictment was void because it alleged a single conspiracy where as the evidence established multiple and separate conspiracies existed along with Movant's effective withdrawal from the previous conspiracy.
> Ground 6: The Government's conduct was outrageous when it presented witnesses who intentionally provided false testimony, and which testimony is disproven by the files and records.
> Ground 7: Movant was improperly enhanced two-levels pursuant to U.S.S.G. § 3C1.1 for obstruction of justice.
> Ground 8: The Court erred in accepting the PSR as to Movant's criminal history calculation.
> Ground 9: Movant's plea was made under duress and coercion resulting in a violation of his due process rights.
> Ground 10: The Court erred in imposing a forfeiture upon movant that was not supported by the facts and record of the case.

[CV Doc. 2] at 47.

[8] Anticipating the timeliness issue, Petitioner devotes much of his § 2255 Motion to his arguments on timeliness. *See* [CV Doc. 1] at 12; [CV Doc 2] at 3–46.

impediment to filing was removed, § 2255(f)(2); the date on which the constitutional right asserted was initially recognized by the Supreme Court, § 2255(f)(3); or the date the factual predicate of the claim presented could have been discovered through the exercise of due diligence, § 2255(f)(4).

The one-year period may be equitably tolled "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *United States v. Gabaldon*, 522 F.3d 1121, 1124 (10th Cir. 2008) (quoting *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)) (applying the equitable tolling principles to § 2255 petitions).

The statute of limitations applies on a claim-by-claim basis. *Prendergast v. Clements*, 699 F.3d 1182, 1186 (10th Cir. 2012) (adopting the Third Circuit's claim-by-claim approach to statute of limitations arguments in the context of petition under 28 U.S.C. § 2254) (citing *Fielder v. Varner*, 379 F.3d 113 (3d Cir. 2004)). Accordingly, arguments as to the timeliness of one discrete claim in a motion under § 2255 do not automatically apply to other claims. *See id.*

## Analysis

I have reviewed Petitioner's voluminous § 2255 Motion. I find that the limitations period began when Petitioner's judgment of conviction became final on March 12, 2007. Thus, under AEDPA, Petitioner had until March 12, 2008, to file a motion under § 2255. However, he did not do so until March 25, 2013—more than five years late. Petitioner doggedly argues that his § 2255 Motion should be considered timely because he had initiated a review of his ethics letter with the U.S. Attorney's Office in January of 2009. He reasons that, because he did not abandon the ethics letter until June of 2012 (when the last of his numerous follow-up attempts went

unanswered), the one-year statute of limitations began to run at that time. I am not persuaded. The ethics letter and the circumstances surrounding it are irrelevant to the AEDPA statute of limitations because Petitioner sent the ethics letter long after the statute of limitations had expired. Petitioner offers other arguments as to the timeliness of his § 2255 Motion, but each is similarly unavailing. The § 2255 Motion is time-barred.[9]

### I.     The Limitations Period Began on March 12, 2007

Absent application of §§ 2255(f)(2)–(4), the one-year statute of limitations begins to run on the date a petitioner's judgment of conviction becomes final. § 2255(f). Where a criminal defendant appeals to the Tenth Circuit but files no subsequent petition for writ of certiorari to the Supreme Court, his judgment of conviction becomes final on the expiration of time for seeking certiorari review. *United States v. Burch*, 202 F.3d 1274, 1276 (10th Cir. 2000).

The Tenth Circuit affirmed Petitioner's sentence on December 12, 2006. *Gomez*, 208 F. App'x at 646. Petitioner had 90 days—or until March 12, 2007—to file a petition for writ of certiorari to the Supreme Court. *See* S.Ct. R. 13.1. Petitioner did not file a petition for writ of certiorari in that time; therefore, his judgment of conviction became final on March 12, 2007.

As discussed further below, no alternative trigger-date for the running of the limitations period applies here. I find that the limitations period began on March 12, 2007, and expired one year later on March 12, 2008.

---

[9] Petitioner addresses the timeliness of his § 2255 Motion *ad nauseum*. However, Petitioner's arguments as to the timeliness of his § 2255 Motion relate only to his claim for ineffective assistance of counsel. [CV Doc. 1] at 5 (explaining that he did not bring his ineffective-assistance-of-counsel claim earlier because "[c]ase was referred to an out-of-state Ethics Committee for investigation"); [CV Doc. 2] at 3–46. The Court has reviewed his § 2255 Motion, and at no point has Petitioner elected to make an argument as to the timeliness of his grounds other than for ineffective assistance of counsel. Accordingly, even if Petitioner's arguments as to the timeliness of his ineffective-assistance-of-counsel claim were meritorious, which I do not find, they would not save his other claims or his entire § 2255 Motion.

A. Section 2255(f)(2) Does Not Apply

Under § 2255(f)(2), the limitations period may run from "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was *prevented* from making a motion by such governmental action[.]" § 2255(f)(2) (emphasis added). "[W]hatever constitutes an impediment must *prevent* a prisoner from filing his petition." *Heinemann v. Murphy*, 401 F. App'x 304, 310 (10th Cir. 2010) (quoting *Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002)) (addressing the impediment provision in the context of a motion under § 2254).

Despite Petitioner's arguments to the contrary, § 2255(f)(2) does not apply in this case. Petitioner essentially contends that the Government's delayed review of his ethics letter created an impediment to the filing of his § 2255 Motion. [CV Doc. 2] at 28. However, an impediment initiated *after* the AEDPA limitations period has already expired cannot trigger a new period of limitations. *See Fisher v. Gibson*, 262 F.3d 1135, 1142–43 (10th Cir. 2001) (no statutory tolling on a motion under § 2254 where the state post-conviction proceedings were initiated *after* the AEDPA deadline); *also Jackson v. Kaiser*, 229 F.3d 1163, 2000 WL 1289241 at *3 (10th Cir. 2000) (unpublished) ("agree[ing] with the district court that petitioner may not rely on the alleged inaction of his retained counsel as a basis for equitable tolling" where counsel was retained "more than two weeks after the statute of limitations had expired"). Petitioner sent his ethics letter to the U.S. Attorney's Office in January, 2009—long after the statute of limitations had expired on March 12, 2008. Accordingly, the ethics letter—even if it constituted an "impediment," which it does not—would not restart the clock. I find that § 2255(f)(2) is inapplicable.

B. Section 2255(f)(3) Does Not Apply

Under § 2255(f)(3), the limitations period may run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." This provision does not apply here.

Petitioner's § 2255 Motion brings a claim for ineffective assistance of counsel during plea negotiations. Petitioner contends that § 2255(f)(3) applies because his claim concerns rights newly recognized under *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), and *Missouri v. Frye*, 132 S. Ct. 1399 (2012).[10] [CV Doc. 2] at 10–12, 24–27, 28–29. Petitioner argues that his limitations period began when the Supreme Court decided those cases—March 21, 2012—and accordingly ran until March 21, 2013. *Id.* at 10.

However, the Tenth Circuit has held that neither *Lafler* nor *Frye* announced a "newly recognized right." *In re Graham*, 714 F.3d 1181, 1182–83 (10th Cir. 2013) ("To date, however, every circuit court to consider the question has held that *Frye* and *Lafler* do not establish a new rule of constitutional law. . . . We substantially agree with the reasoning of those decisions."); *see United States v. Lawton*, 506 F. App'x 722, 725–26 (10th Cir. 2012). Accordingly, the Supreme Court's decisions in *Lafler* and *Frye* did not trigger a new one-year limitations period under § 2255(f)(3). Section 2255(f)(3) is thus inapplicable here.

C. Section 2255(f)(4) is Unavailing

Under § 2255(f)(4), the limitations period may begin on "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due

---

[10] It should be noted that the discussion as to § 2255(f)(3) applies only to Petitioner's claim for ineffective assistance of counsel during plea negotiations. Even if Petitioner's arguments were availing—which I do not find—the provision would not apply to any of his other claims. *See Prendergast*, 699 F.3d at 1186.

diligence." The Tenth Circuit has found the one-year limitations period to run from the date on which a "reasonable person" could have discovered the "critical fact" supporting his claim—that is, the date on which the fact was "reasonably ascertainable." *United States v. Denny*, 694 F.3d 1185, 1189–90 (10th Cir. 2012).

Here, Petitioner discovered the critical facts supporting his claim for ineffective assistance of counsel even before his judgment of conviction became final. Petitioner alleges that his wife "made contact with FBI Case Agent Margaret Russin" in January of 2007 to discuss a possible cooperation agreement. [CV Doc. 1] at 12; *see* Affidavit of Jeani Gomez [CV Doc. 2-5] at 35. He alleges that he was then "able to determine that he had been intentionally prevented from obtaining a cooperation agreement from the government before sentencing." [CV Doc. 1] at 12; *see* [CV Doc. 2-3] at 30 ("[T]his was the first point [in] which [he] was able to begin to ascertain that [his] attorney may have been perpetrating a fraud and seeking to prevent [his] testimony"); *also* [CV Doc. 2] at 42 ("[Petitioner] was unable to discover initial misconduct until information was provided by an agent of the [G]overnment at the time [his] direct appeal had concluded."). He thus acknowledges that he discovered the critical facts supporting his claim for ineffective assistance of counsel by January of 2007.[11]  *See Denny*, 694 F.3d at 1189–90.

Petitioner argues that "the date on which the facts supporting his claim could have been discovered through the exercise of due diligence" was June 4, 2012, the date on which he sent a letter to Acting U.S. Attorney Scheel to follow-up on his ethics letter. [CV Doc. 2] at 41. But

---

[11] Neither Petitioner nor the Government discusses when the facts supporting Petitioner's other nine claims could have been discovered through the exercise of due diligence. Petitioner's other claims concern his guilty plea, his indictment, and his sentencing. *See supra* n.7. In his voluminous § 2255 Motion, Petitioner has offered no argument as to why the critical facts as to any other claims were not reasonably ascertainable by January, 2007. Moreover, I have found no reason to believe that Petitioner did not know the critical facts to support his other claims by January, 2007.

this date is completely unrelated to the date on which he discovered or could have discovered facts supporting his claim.

I find, therefore, that Petitioner cannot invoke § 2255(f)(4) to delay the running of the limitations period because Petitioner discovered the critical facts supporting his claim even before his judgment of conviction became final.

## II. Equitable Tolling Does Not Apply

The one-year limitations period may be equitably tolled "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Gabaldon*, 522 F.3d at 1124. The Tenth Circuit has limited equitable tolling to "'rare and exceptional' circumstances." *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003) (quoting *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)). "Equitable tolling would be appropriate, for example, . . . when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." *Gabaldon*, 522 F.3d at 1124, 1126 (quoting *Gibson*, 232 F.3d at 808) (finding that, while "insufficient access to relevant law" does not alone trigger equitable tolling, "a complete confiscation of [a petitioner's] legal materials just weeks before his filing deadline would constitute extraordinary circumstances"). "Moreover, a petitioner must diligently pursue his federal habeas claims." *Id.* "Simple excusable neglect" is insufficient to invoke equitable tolling. *Burger*, 317 F.3d at 1141. A petitioner carries the burden of demonstrating that the circumstances justify equitable tolling. *Miller v. Marr*, 141 F.3d 976, 977 (10th Cir. 1998); *Yang*

*v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008).  Conclusory allegations are insufficient. *Miller*, 141 F.3d at 978.

Petitioner has not demonstrated that equitable tolling applies.  First, Petitioner argues that the review of his ethics letter created an extraordinary circumstance that "prevented him from actively pursuing judicial remedies." [CV Doc. 2] at 13.  Relatedly, he argues that Government attorneys and agencies acted in bad faith by "failing to provide[him] with any conclusion over a several year period" as to their review of his ethics letter.  *Id.* at 32.  However, equitable tolling cannot resurrect the limitations period once it has expired.  *See Jackson*, 2000 WL 1289241 at *3; *Fisher*, 262 F.3d at 1142–43.  That is, equitable tolling does not apply where the alleged circumstances giving rise to equitable tolling began after the limitations period ran.  Petitioner did not send his ethics letter to the U.S. Attorney's Office until January, 2009—long after the limitations period had lapsed.  Accordingly, neither his ethics letter, nor the Government's lack of response to his follow-up attempts, warrants equitable tolling.

Further, Petitioner argues that his own attorney's alleged bad faith, dishonesty, and divided loyalty constitute extraordinary circumstances to warrant equitable tolling.  [CV Doc. 2] at 32.  I find this argument unavailing for several reasons.  First, Petitioner fails to allege with any specificity whose conduct created extraordinary circumstances here.  *See Miller*, 141 F.3d at 978 (conclusory allegations are insufficient).  Likewise, he offers no explanation as to how this alleged conduct prevented his timely filing so as to amount to extraordinary circumstances.  *See id.*  Nor does he explain how the unidentified extraordinary circumstances tolled the statute of limitations from March 12, 2007, through March 25, 2013.

Petitioner also alleges that he "initiated a defective pleading during the statutory period by requesting and having his former attorney file a [Federal Rule of Criminal Procedure] 35(b) motion to the U.S. Attorney's Office[,] which was deemed defective." *Id.* at 13. Again, his argument is unavailing for several reasons. First, the record belies Petitioner's allegation that he filed a motion under Rule 35(b). No motion under Rule 35(b)—defective or otherwise—was ever filed in this Court. Second, Petitioner's argument is conclusory. He offers no explanation as to how the alleged motion was defective, or how such defects prevented him from filing a timely § 2255 motion. *See Miller*, 141 F.3d at 978. As with Petitioner's other arguments, this does not warrant equitable tolling.

## **CONCLUSIONS AND RECOMMENDED DISPOSITION**

I find that the one-year limitations period for the filing of Petitioner's § 2255 Motion began when his judgment of conviction became final on March 12, 2007, and expired on March 12, 2008. Moreover, I find that equitable tolling does not apply. Accordingly, Petitioner's § 2255 Motion is time-barred.

For the reasons set forth herein, I respectfully recommend that the Government's Motion to Dismiss [CV Doc. 16; CR Doc. 667] be **GRANTED** and Petitioner's § 2255 Motion [CV Docs. 1, 2, 8; CR Docs. 653, 654, 660] be **DENIED** and **DISMISSED with prejudice**.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  Objections are limited to 20 pages and shall comply with the Local Rules regarding form of documents.**  *See* **D.N.M.LR-Civ. 10.1. If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**